```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
JOSEPH WILSON, JOEL ATTERBURY, and
DAVID MALONE,

                Plaintiffs,           MEMORANDUM & ORDER
                                      07-CV-05028(JS)(ARL)
        -against-

PHOENIX HOUSE, INC. and BRIAN GILLAM,

                Defendants.
----------------------------------X
APPEARANCES:
For Plaintiffs:
Joseph Wilson      Joseph Wilson, Pro Se
                   Phoenix House, Inc.
                   220 Veterans Highway
                   Hauppauge, NY 11788

Joel Atterbury     Joel Atterbury, Pro Se

David Malone       David Malone, Pro Se

For Defendants:    David L. Rosenthal, Esq.
                   Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
                   150 East 42nd Street
                   New York, NY 10017
```

SEYBERT, District Judge:

Pending before the Court is Defendants' motion to dismiss for Plaintiffs' failure to prosecute. For the reasons that follow, the Court GRANTS Defendants' motion.

BACKGROUND

On December 3, 2007, pro se Plaintiffs instituted this action claiming, inter alia, that Phoenix House, Inc. ("Phoenix House") and Brian Gilliam ("Gilliam") (collectively, "Defendants") (1) systematically deprived residents of Phoenix House of "their Constitutional Right to practice their religion" and (2) subjected

Plaintiffs to "unreasonable pain for staff not following the Doctor [sic] orders and not having the medication that was prescribed to ease the plaintiffs' pain." (Compl. 4.) The Court granted Plaintiffs in forma pauperis status on March 19, 2008. Defendants filed an Answer on June 9, 2008. From that point forward, the Court has had no contact with the Plaintiffs, despite repeated attempts to contact them for conferences. Subsequently, Defendants filed a motion to dismiss this case for Plaintiffs' failure to prosecute. The motion remains unopposed, as Plaintiffs never submitted an opposition.

DISCUSSION

In deciding whether to dismiss an action for want of prosecution, a trial court should consider

> (1) the duration of plaintiff's failures; (2) whether plaintiff . . . received notice that further delays would result in dismissal; (3) whether the defendant would be prejudiced by further delay; (4) whether the district judge has carefully balanced the need to alleviate court calendar congestion and a party's right to due process; and (5) whether the court has assessed the efficacy of lesser sanctions.

Peart v. New York, 992 F.2d 458, 461 (2d Cir. N.Y. 1993). As noted above, the Court has endured Plaintiffs' failure to proceed with this case for nearly fifteen months. Plaintiffs have not even taken the minimal effort of calling this Court to check on the status of their case. Although Plaintiffs have not received notice that their further inaction would result in dismissal, the Court

2

notes that this lack of notice results directly from Plaintiffs' own failures: the Court has sent several communications to Plaintiffs' old addresses and those communications were returned as undeliverable, and none of the Plaintiffs have contacted the Court to update their addresses; thus, the Court has no method for locating Plaintiffs. As to the third factor, the Court finds that Plaintiffs' unreasonable dilatoriness has resulted in prejudice to the Commissioner. "Prejudice to defendants may be presumed from the length of the delay." Lukensow v. Harley Cars of New York, 124 F.R.D. 64, 67 (S.D.N.Y. 1989) (finding that a two-year delay was sufficient evidence of prejudice). Lastly, in this case, lesser sanctions are not warranted and court congestion warrants dismissal. In sum, the Court finds that dismissal is warranted because this action has been "lying dormant with no significant activity to move it . . . ." Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 42 (2d Cir. 1982).

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss. The case is dismissed with prejudice. The Clerk of the Court is directed to terminate all pending motions and mark this matter CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: August  7 , 2009
Central Islip, New York